Nathaniel Clark (SBN 276621)
*nathaniel.h.clark@gmail.com*
Seaton Tsai (SBN 271408)
*seaton.tsai@gmail.com*
1000 Wilshire Blvd. # 1750
Los Angeles, California 90017
Telephone: (626) 673-5180
Facsimile: (213) 629-2725

*Attorneys for Plaintiff Mei Ma*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI MA, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>SLM CORPORATION, D.B.A. "SALLIE MAE BANK"; NAVIENT SOLUTIONS, INC., and, DOES 1-10,<br><br>            Defendants. | CASE NO. 14-cv-9409<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.*; **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *ET SEQ.*; **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,** *CAL. CIV.* **§ 1788,** *ET SEQ.*<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Mei Ma ("Plaintiff") alleges the following upon information and belief and personal knowledge:

## <u>NATURE OF THE CASE</u>

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of SLM Corporation.,

D.B.A. Sallie Mae Bank and Navient Solutions, Inc., ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), despite Plaintiff's registration of her number on the National Do Not Call Registry, thereby violating Plaintiff's federal statutory rights, and invading her right to privacy, without her express written, implied, and/or oral consent.

2. Congress enacted the Telephone Consumer Protection Act in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1] Today, over 91% of American adults own cellular phones.[2]  Over 39% of adults live in wireless *only* homes with no landline.[3]

3. The TCPA specifically prohibits the use of automatic dialing machines to contact consumers on their cellular phones without the express prior consent of the called party. The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (47 U.S.C. § 227(b), *et seq.*)

4. The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to attempt to comply with the National Do Not Call Registry.

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id.* at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.
[2] *See,* http://www.pewresearch.org/fact-tank/2013/06/06/cell-phone-ownership-hits-91-of-adults.
[3] *See,* http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless201407.pdf

5.     Defendants knowingly and willfully caused an autodialer to dial Plaintiff's cellular phone and/or used a pre-recorded voice message in telephone calls to Plaintiff's cellular phone on approximately six occasions throughout 2013.

6.     On September 26, 2014, using the number known as 513-605-7539, Defendants called Plaintiff's cellular phone with an automatic dialing machine and through the use of a pre-recorded voice message that asked for an individual named "Jessica", but the message failed to provide a viable "opt-out" function to prevent future calls.

7.     On information and belief, the September 26, 2014 call was reasonably calculated to collect a debt incurred by the consumer named Jessica, who is unknown to Plaintiff:  This debt related phone call invaded Plaintiff's privacy and caused undue annoyance and stress.

8.     On September 29, 2014, using the number known as 703-984-5755, Defendants called Plaintiff's cellular phone with an automatic dialing machine and through the use of a pre-recorded voice message that asked for an individual named "Jessica", but the message failed to provide a viable "opt-out" function to prevent future calls.

9.     On information and belief, the September 29, 2014 call was reasonably calculated to collect a debt incurred by the consumer named Jessica, who is unknown to Plaintiff:  This debt related phone call invaded Plaintiff's privacy and caused undue annoyance and stress.

10.     On October 1, 2014, using the number known as 513-605-7539, Defendants called Plaintiff's cellular phone with an automatic dialing machine and through the use of a pre-recorded voice message that asked for an individual named "Jessica", but the message failed to provide a viable "opt-out" function to prevent future calls.

11.     On information and belief, the October 1, 2014 call was reasonably calculated to collect a debt incurred by the consumer named Jessica, who is unknown to Plaintiff:  This debt related phone call invaded Plaintiff's privacy and caused undue annoyance and stress.

12.     On October 8, 2014, using the number known as 513-605-7539, Defendants called Plaintiff's cellular phone with an automatic dialing machine and through the use of a pre-recorded voice message that asked for an individual named "Jessica", but the message failed to provide a viable "opt-out" function to prevent future calls.

13.     On information and belief, the October 8, 2014 call was reasonably calculated to collect a debt incurred by the consumer named Jessica, who is unknown to Plaintiff:  This debt related phone call invaded Plaintiff's privacy and caused undue annoyance and stress.

14.     Plaintiff continued to receive similar calls from Defendants throughout October of 2014 and received similar calls before September of 2014; Plaintiff has been called by Defendants at least six times; Plaintiff has never consented to be contacted by Defendants for any purpose.

15.      Defendants further violated the TCPA by failing to comply with its requirement that whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:

> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number

or any other number for which charges exceed local or long distance transmission charges, and

(B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. (47 C.F.R. § 64.1200.)

16. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry ("DNC"), as evidence by the repeated calls to Plaintiff despite the registration of her number, at all times, with the DNC registry. (47 C.F.R. § 64.1200(d).)

17. Plaintiff is entitled to statutory damages for Defendants' willful and repeated use of automated dialing systems and/or pre-recorded voice messages to dial Plaintiff's cellular phone for telemarketing purposes without her consent, pursuant to the provisions of the TCPA.

18. Plaintiff is also entitled to statutory damages and attorney's fees pursuant to the Federal Fair Debt Collection Practices Act, 17 U.S.C. §1692, *et seq.,* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ.* § 1788, *et seq.,* for Defendants' repeated attempts to collect a debt by calling Plaintiff's cellular phone with an automated dialer and pre-recorded voice message system, but failing to include an opt-out method and failing to implement procedures and training to allow an opt-out, or to maintain records of wrong-party calls and internal and national DNC registry violations, thereby "harassing" Plaintiff under the meaning of the FDCPA.

///

## JURISDICTION

19. This Court has federal question jurisdiction because this case arises out of violations of the TCPA upon Plaintiff.

20. Venue is proper because Plaintiff currently, and at the time of the violation, resides and was present in this judicial district, in which Defendants also reside and conduct business.

## PARTIES

21. Plaintiff is a natural person residing in Los Angeles county in the State of California and is a "person" under the meaning of 47 U.S.C. § 153(10).

22. Defendant SLM Corporation, a Delaware corporation, is the parent corporation of Defendant Navient Solutions, Inc., a Delaware corporation licensed to do business in California. All Defendants conduct business in California, including but not limited to facilitating the collection of student loan debts.

23. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

24. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the First Amended Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## ADDITIONAL FACTUAL ALLEGATIONS

25. The Federal Fair Debt Collection Practices Act ("FDCPA") protects not only debtors, but other consumers who are harassed by debt collectors. Had the FDCPA had not been enacted, Congress would "be classifying as 'deadbeats' those individuals who through no fault or action of

1  their own are being harassed, hounded, threatened and intimidated by debt
2  collectors." (H.R.Rep. No. 131, 95th Cong. 1st Sess. 9 (1977).) "Congress did
3  enact the FDCPA, however, effectuating its intention to prohibit precisely
4  this kind of misclassification and harassment." (*Bridge v. Ocwen Fed. Bank*,
5  FSB, 681 F.3d 355, 358 (6th Cir. 2012)

6      26. On and around September and October of 2014, Defendants
7  negligently, knowingly, willfully, and/or intentionally caused an autodialer
8  to dial Plaintiff's cellular phone number ending in digits 3473 and
9  negligently, knowingly, willfully, and/or intentionally used a pre-recorded
10 voice message in the inception of the same phone calls.

11     27. Defendants caused autodialers to dial Plaintiff's cellular phone
12 using a prerecorded voice message at least six times within the past four
13 years.

14     28. Plaintiff never, either implicitly or expressly, in writing or orally,
15 consented to be contacted on her cellular phone by an autodialer using a pre-
16 recorded voice message.

17     29. The phone calls to Plaintiff's cellular phone wasted Plaintiff's
18 time, invaded the privacy of herself, caused undue annoyance and stress,
19 and wasted the use of a cellular phone service at Plaintiff's expense.

20     30. Upon information and belief, Defendants fail to maintain records
21 of customer's and consumer's attempts to opt-out of receiving phone calls
22 from Defendants.

23     31. Upon information and belief, Defendants failed to maintain
24 training and procedures to avoid calling the wrong party and consumers
25 whose numbers are registered on the National Do Not Call registry.

26     32. The autodialed phone calls and pre-recorded voice messages
27 were caused to occur by Defendants for Defendants' financial gain,
28

1 telemarketing goals, membership growth, and were entirely commercial in
2 nature.

3     33. Upon information and belief, Defendants maintain, or have the
4 ability to maintain, some form of record of when a called party opts out or
5 wishes to no longer be contacted, but Defendants consciously ignore those
6 records.

7     34. Upon information and belief, Defendants negligently,
8 knowingly, willfully, and/or intentionally ignored records of when they called
9 the incorrect parties.

10     35. Plaintiff does not have a business relationship with Defendants
11 under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses
12 Defendants from the above-described violations of the TCPA and never
13 agreed to be contacted by Defendants with an autodialer or pre-recorded
14 voice message.

15     36. All calls made by Defendants were made through the use of an
16 "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and
17 in violation of 47 U.S.C. § 227(b)(1)(A).

18     37. All pre-recorded voice messages were "artificial or prerecorded
19 voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

20     38. Defendants are "debt collectors" and were attempting to collect a
21 "debt" under the meaning of the FDCPA. (15 U.S.C. § 1692a(5-6).)

22     39. All of the phone calls alleged herein constituted harassment
23 under the FDCPA and the Rosenthal Fair Debt Collection Practices Act
24 because they were repeated calls made in an attempt to collect a debt, and
25 made to a person who did not owe any debt to Defendants, and the calls were
26 made on an automated basis but failed to allow Plaintiff to reasonably "opt-
27 out" or inform Defendants that Defendants were attempting to collect debt
28 from the wrong party, as Plaintiff is not the consumer named "Jessica" who

was repeatedly mentioned in the pre-recorded voice messages, and despite the fact that at all times Plaintiff's number was registered on the National Do Not Call list.

## FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-39.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq.* cited herein.

42. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
> (47 U.S.C.A. § 227(b).)

43. Defendants further violated the TCPA by effectuating telemarketing calls to Plaintiff's "residential telephone" under the meaning of 47 C.F.R. § 64.1200(c)-(d).

44. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. 47 C.F.R. §64.1200(d).

45. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.*

46. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the Federal Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

47. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-46.

48. Defendants actions further violated 15 U.S.C. § 1692 because the phone calls were repeatedly made in an attempt to collect a debt, and made to a person who did not owe any debt to Defendants, and the calls were made on an automated basis but failed to allow Plaintiff to reasonably "opt-out" or inform Defendants that Defendants were attempting to collect debt from the wrong party, as Plaintiff is not the consumer named "Jessica" who was repeatedly mentioned in the pre-recorded voice messages, and despite the fact that at all times Plaintiff's number was registered on the National Do Not Call list.

# THIRD CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### *Cal. Civ.* § 1788 *et seq.*

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-48.

50. Defendants actions further violated 15 U.S.C. § 1692 because the phone calls were repeatedly made in an attempt to collect a debt, and made to a person who did not owe any debt to Defendants, and the calls were made on an automated basis but failed to allow Plaintiff to reasonably "opt-out" or inform Defendants that Defendants were attempting to collect debt from the wrong party, as Plaintiff is not the consumer named "Jessica" who was repeatedly mentioned in the pre-recorded voice messages, and despite the fact that at all times Plaintiff's number was registered on the National Do Not Call list.

# PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

  I. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and request $500 in statutory damages per violation, or $1500 in statutory damages per violations that were at least willful or knowingly committed;

  II. As a result of Defendants' violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff is entitled to $1,000.00 per violation plus reasonable attorney's fees.

  III. As a result of Defendants' violations of *Cal. Civ.* § 1788, *et seq.*, Plaintiff is entitled to $100.00 to $1,000.00 per violation plus reasonable attorney's fees.

    IV.    For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

    V.    For actual damages according to proof;

    VI.    For costs;

    VII.    For attorney's fees as available by law or equity;

    VIII.    And for any other relief that the Court deems just.

Dec. 7, 2014    By    */s/Nathaniel Clark*
    Nathaniel Clark, Esq.
    Seaton Tsai, Esq.
    *Attorney for Plaintiff Mei Ma*